UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| CHAMBERS OF<br>J. Mark Coulson<br>UNITED STATES MAGISTRATE JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>P: (410) 962-4953 \| F: (410) 962-2985<br>mdd_jmcchambers@mdd.uscourts.gov |

March 16, 2023

LETTER ORDER AND OPINION TO COUNSEL

RE:   *AMA Systems, LLC et al v. 3B Tech, Inc. et al*
      Civil No. 1:21-cv-01472-JRR

Dear Counsel:

In this case, Plaintiffs AMA Systems, LLC and Bluemar Promotions, LLC have alleged several counts—including violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), violations for the New Hampshire Consumer Protection Act, fraudulent misrepresentation, and breaches of contract—against several Defendants.[1]  On June 14, 2022, Judge Boardman issued a Memorandum Opinion and Order (ECF Nos. 39 & 40) dismissing Plaintiffs' RICO claims (Counts I and II) in Plaintiffs' Amended Complaint (ECF No. 33). However, on December 6, 2022, Plaintiffs motioned to file a Second Amended Complaint. (ECF No. 61).  On January 5, 2023, Judge Rubin issued an order permitting Plaintiffs to file their Second Amended Complaint.  (ECF No. 70).  The Second Amended Complaint "(i) revives . . . [the] violations of RICO and RICO conspiracy; (ii) adds a new cause of action against Defendants for violations of the New Hampshire Consumer Protection Act; and (iii) joins two new defendants to the action . . . ."  (ECF No. 61 at p. 1).  On January 31, 2023, all Defendants who have thus far been involved in the case motioned to dismiss the Second Amended Complaint.  (ECF No. 86). That motion is currently ripe for resolution.

On February 27, 2023, the parties filed a joint letter notifying the Court that discovery disputes dating back to November 2022 remained unresolved.  (ECF No. 92).  On February 28, 2023, Plaintiffs and Defendants filed position letters regarding the ongoing discovery disputes. (ECF Nos. 94 & 95).  Defendants' letter outlines their concerns regarding (1) Plaintiffs' responses to Defendants' Interrogatories Nos. 4 and 8–10, and (2) Plaintiffs' responses to Defendants' Requests for Production ("RFP") Nos. 17 and 18.  (ECF No. 94).  Furthermore, Defendants outlined their basis for objecting to Plaintiffs' Requests for Admission ("RFA") Nos. 1–41, i.e., Plaintiffs' RFAs included an overbroad definition of "you," thereby rendering it impossible to answers all forty-one RFAs.  *Id.* at pp. 2–3.  In turn, Plaintiffs' letter outlines their concerns regarding (1) Defendants' responses to Plaintiffs' Interrogatory No. 1 and (2) Defendants' objections to Plaintiffs' forty-one RFAs.[2]  (ECF No. 95).  Additionally, Plaintiffs assert that they fully responded to Defendants' Interrogatories and RFPs.  *Id.* at p. 3.  On March 1, 2023, Judge

---

[1] Defendants currently involved in this discovery dispute include (1) 3B Tech, Inc., (2) Pro-Com Products, Inc., (3) Salusen, Inc., (4) Jian ("Johnny") Qing Zhu, (5) Brett Barbour, and (6) Michael Johnson.

[2] "By agreement, the parties served more than 30 [RFAs]."  (ECF No. 95 at p. 2, n. 2).

Rubin assigned this case to the undersigned for "all discovery and related scheduling matters." (ECF No. 96).

It is evident that the parties do not share the same view regarding the current scope[3] of discovery. Defendants contend that "this case involves nothing more than a breach of contract." (ECF No. 94). Plaintiffs, however, argue that the scope of discovery goes beyond their fraud and breach of contract claims to include "statutory violations." (ECF No. 95 at p. 2 ("Here, the identity of the purchasers of the Face Masks are relevant to Plaintiffs' claims of fraud (*and statutory violations*) and Defendants' defenses.")) (emphasis added by the Court). "Unless otherwise limited by Court order, the scope of discovery is generally defined by the claims and defenses set forth in the pleadings." *Ketayi v. Health Enrollment Grp.*, No. 20-cv-1198-RSH-KSC (S.D. Cal. Oct. 27, 2022) (citing Fed. R. Civ. P. 26(b)) (other citations omitted). Furthermore, "[b]ecause a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'" *Fawzy v. Wauquiex Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017). Therefore, at this juncture, the scope of discovery in this case is defined by Plaintiffs' Second Amended Complaint.

With that backdrop, the Court addresses—to the extent that it can based on the parties' position letters—the parties' specific concerns. In some instances, the Court will be without sufficient documentation to determine specific issues. How the parties will proceed regarding such issues will be addressed in the final remarks of this Letter Order and Opinion.

## Analysis

*A. Defendants' Interrogatories*

Defendants contend that Plaintiffs' responses to Defendants' Interrogatory Nos. 4 and 8–10 are deficient. Regarding Defendants' Interrogatory No. 4, Defendants have requested that Plaintiffs "state the amount of attorneys fees they are claiming as part of their damages claim." (ECF No. 94 at p. 2). Defendants indicate that "plaintiffs have refused to answer." *Id.* Plaintiffs draw the Court's attention to the fact that Plaintiffs only "seek to recover their reasonable attorneys' fees incurred pursuant to their RICO and statutory claims asserted in the Second Amended Complaint . . . ." (ECF No. 95 at p. 3). Plaintiffs have indicated their intent to comply with Appendix B of the Local Rules.[4] At this time, compliance with Appendix B will satisfy

---

[3] The current posture of this case is somewhat in flux. As described above, the RICO claims have been revived in Plaintiffs' Second Amended Complaint. However, Defendants have once again motioned to dismiss Plaintiffs' RICO claims as well as counts for fraudulent misrepresentation and other counts against the individual defendants. (ECF No. 86 at p. 1). The court also notes that Plaintiffs filed a Motion for Summary Judgment and Request for Hearing (ECF No. 99) on March 3, 2023. It is reasonable to anticipate that any resolution of the motion to dismiss will impact the scope of discovery in this case, but the Court must evaluate the case in its present posture, understanding that future events may require revisiting some of the rulings made here.

[4] App'x B(1)(c) provides:

> Counsel for a party intending to seek fees if the party prevails shall submit to opposing counsel quarterly statements showing the amount of time spent on the case and the total value of that time. . . . The first such statement is due at the end of the first quarter in which the action is filed. Failure to submit these statements may result in a denial or reduction of fees.

Plaintiffs' obligations pertaining to Defendants' Interrogatory No. 4. However, the Court recognizes that additional discovery on this limited issue may be warranted if the pending motion to dismiss is denied. Accordingly, Plaintiffs are not required to respond to Defendants' Interrogatory No. 4 beyond what Plaintiffs have indicated they will do in its position letter, i.e., comply with Appendix B.

As for Interrogatories 8–10, Defendants object because "Plaintiffs' answers . . . contain broad and generalized statements, completely lacking in detail as to any specific defendant." (ECF No. 28 at p. 3). Plaintiffs contend that regarding Defendants' Interrogatory Nos. 8–10, Plaintiffs have sufficiently responded so that "[a]ll facts have been identified that corroborate the allegations in this case."[5] (ECF No. 95 at p. 3). The parties have not provided the Court with access to Plaintiffs' responses to Defendants' Interrogatory Nos. 8–10. However, the Court recognizes that Plaintiffs do not contend that these interrogatories seek information outside the scope of discovery. It remains unclear to what specific insufficiencies Defendants' refer such that, as discussed below in the concluding remarks of this Letter Order and Opinion, the Court requests additional information before it can rule as to the sufficiency of Plaintiffs' responses to Interrogatories 8–10.

### B. Defendants' RFPs

Defendants contend that Plaintiffs' response to Defendants' RFP Nos. 17 and 18 are deficient because Plaintiffs' response was a referral "to the documents produced in discovery." (ECF No. 94 at p. 2). Defendants have requested that Plaintiffs direct Defendants to the documents to which Plaintiffs' responses refer, but Plaintiffs have refused such requests. *Id.* Plaintiffs' position is that the "answers and responses are sufficient and it is unclear what more 3B Tech is seeking in response."[6] (ECF No. 95 at p. 3). From the Court's review, it appears Defendants are not claiming that Plaintiffs have not produced responsive documents. Rather it appears that Defendants are seeking information to assist them in matching up which documents are responsive to Defendants' RFP Nos. 17 and 18. In producing documents in response to Defendants' requests, Plaintiffs are obligated to "produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i). The Court finds no burden on Plaintiffs to respond in the latter fashion and indicate by document number and/or range of numbers which documents are responsive to Defendants' RFP Nos. 17 and 18.

### C. Plaintiffs' Interrogatories

Plaintiffs contend that Defendants' response to Plaintiffs' Interrogatory No. 1 is deficient. (ECF No. 95 at p. 1). This interrogatory requests that Defendants identify "all persons known to you with knowledge of any facts or circumstances giving rise to this litigation and/or the facts referenced in the Amended Complaint, as amended." *Id.* In response, Defendants identified "3 defendants in this case, Johny Zhu, Brett Barbour[,] and Mike Johnson, and referred generally to

---

[5] Plaintiffs also address the sufficiency of their responses to Defendants' Interrogatory No. 1. Defendants have not brought to the Court's attention any issues they have regarding Plaintiffs' response to this interrogatory.

[6] Plaintiffs also address the sufficiency of their responses to Defendants' RFP Nos. 3–8, 11, 22, 23, and 24. *Id.* Defendants have not brought to the Court's attention any issues they have regarding Plaintiffs' responses to these RFPs. To the extent that Defendants do hold issue with Plaintiffs' response to RFP No. 11, the Court recognizes that this RFP concerns a topic the Court addressed above, i.e., attorneys' fees at this stage of the litigation.

documents Defendants produced in discovery." *Id.* However, Plaintiffs' take issue with Defendants' refusal to "identify any individuals/entities that purchased/received the same face masks 3B Tech sold to Bluemar and that are the subject of this litigation." *Id.* It is Plaintiffs' contention that "[t]hose persons have information and knowledge regarding the facts and allegations of this case. Namely, whether Defendants made the same representations to them concerning the quality and nature of the subject face masks, and whether Defendants were on notice of problems/concerns with the quality of the face masks." *Id.* Defendants contend that Plaintiffs never requested "defendants in discovery to identify those who purchased the same face masks sold by 3B Tech to Plaintiffs, and it is unfair for [P]laintiffs now to claim that all persons known to [defendants] with knowledge of any facts, etc. includes the identity of other mask purchasers . . . ." (ECF No. 94 at p. 2) (internal quotation marks omitted). The Court disagrees with Defendants.

As stated above, the Court is viewing the scope of discovery in this case in light of Plaintiffs' Second Amended Complaint (ECF No. 71), filed in January of 2023, to include the attempted resuscitation of Plaintiffs' previously dismissed RICO claims. The Court finds that the identities of other purchasers of the type of masks at issue in this case are relevant. It is likely that such other purchasers will possess information regarding any similar alleged misrepresentations made to them by Defendants, and such purchasers will likely possess information shedding light on any notice Defendants might have received regarding the quality of the masks. As to the revived RICO claims specifically, such information as the identities of other purchasers of the masks at issue is relevant to the requirement of continuity. The Court considers Plaintiffs' Interrogatory No. 1 to have adequately notified Defendants of their obligation to identify all other purchasers of the masks sold to Plaintiffs. However, the Court does recognize that such identifications should be proportional to the needs of the case *subj judice*. To that point, the Court will limit Plaintiffs' Interrogatory No. 1 to purchasers who made purchases of the same kind of masks at issue in this case after March 2, 2020.[7] Additionally, such disclosure is limited to those where a purchaser has made complaints regarding the quality of the masks or any related alleged misrepresentations by Defendants about the masks to such purchasers.

   D. *Plaintiffs' RFAs*

In their RFAs, Plaintiffs define "you" as follows:

> The term "you" or "your" shall mean the party to whom these Requests are addressed, including your agents, attorneys (except where material is privileged), assigns, employees, representatives, officers, directors, predecessors, successors, affiliates, companies, parent companies, partners, members, associated entities, divisions, and all other persons acting on your behalf.

(ECF No. 95 at p. 2, n. 3). Defendants contend that "such a definition, when applied to the Requests in question, renders the Requests meaningless." (ECF No. 94 at p. 3). Defendants further

---

[7] Plaintiffs' Second Amended Complaint recognizes this date as the date on which "the Secretary of [the Department of Health and Human Services] . . . declared . . . that circumstances exist justifying the authorization of emergency use of personal respiratory protective devices during the COVID-19 outbreak . . . ." (ECF No. 71 at p. 5, ¶ 5).

4

take the stance that such a definition "would likely require that many of the Requests be admitted, not because any defendant or person authorized to act on a defendant's behalf actually engaged in the conduct or activity, but because some other person or entity within the ambit of the compound definition of 'you' so engaged." *Id.* The Court finds that although unnecessarily broad, the definition when properly construed is not one which renders Plaintiffs' RFAs "meaningless."

The definition of "you" provided in Plaintiffs' RFAs ends with "and all other persons acting on your behalf." (ECF No. 95 at p. 2, n. 3). Therefore, the Court considers the extensive list of potential persons or entities identified in the definition—including employees, predecessors, etc.—to include only those persons or entities who were acting on behalf of the person or entity to whom the RFA is directed. Admittedly, Plaintiffs could have easily tailored this definition to alleviate Defendants' concern. In their position letter, Plaintiffs use Defendant Zhu as an example and compress the definition of "you" in an RFA addressed to Defendant Zhu to include "Zhu, . . . his agents[,] and all persons acting on his behalf." *Id.* at p. 2. Thus, the Court clarifies that the definition includes only those acting on behalf of an RFA recipient, and such a definition does not make Plaintiffs' RFAs impossible to answer.

Accordingly, Defendants are ordered to answer Plaintiffs' RFAs with the understanding that Plaintiffs' definition of "you" is properly understood to mean the person or entity to whom the RFA is addressed, as well as the agents of that person or entity.

### E. Proposed Protective Order

On January 24, 2023, the parties notified the Court that the "parties disagree as to the language of a proposed protective order limiting the use of documents and information obtained during discovery in this case." (ECF No. 81 at p. 1). On January 25, 2023, Plaintiffs filed a position letter indicating that Defendants proposed a protective order which would allow any party in the litigation to "retroactively designate documents produced in response to a subpoena as confidential." (ECF No. 82 at p. 1). That same day, Defendants filed a position letter claiming that "Plaintiffs have gone well beyond mere discovery, in making direct and derivative use of the information Plaintiffs have obtained by inquiry letters, telephone calls, and emails, to customers of defendants and their representatives, and in so doing have caused direct harm to Defendants outside of the litigation in this case." (ECF No. 83 at p. 1). The parties met and conferred by letter, email, and a telephone conference on January 19, 2023. (ECF No. 81 at p. 1).

The Court is unaware of whether the parties have further met and conferred regarding this discovery issue. The Court will address how it will handle this discovery issue in the concluding remarks of this Letter Order and Opinion.

## Conclusion

The Court has resolved the discovery disputes pertaining to Plaintiffs' Interrogatory No. 1, Plaintiffs' RFAs, Defendants' Interrogatory No. 4, and Defendants' RFP Nos. 17 and 18. To the extent discovery disputes regarding Defendants' Interrogatory Nos. 8–10 remain, the Court hereby ORDERS that:

1. The parties shall meet and confer in-person by March 24, 2023, to discuss any remaining discovery issues, including the possibility of a protective order;

2. If any issues remain following the in-person meet and confer, both parties shall file a memorandum in support of their discovery positions (not to exceed five (5) pages, formatted in accordance with Local Rule 102.2);

3. Defendants shall file their memorandum within seven (7) days after the forthcoming meet and confer;

4. Plaintiffs shall file their memorandum within seven (7) days of Defendants' memorandum;

5. No Reply shall be filed unless requested by the Court;

6. The parties should include as an exhibit to their memoranda Defendants' Interrogatory Nos. 8–10 themselves and the responses thereto;

7. The parties are instructed to focus their memoranda on their particular arguments relating to Defendants' Interrogatory Nos. 8–10. The parties need not recite general law about the scope of discovery under Federal Rule of Civil Procedure 26;

8. If the parties are unable to reach an agreement regarding a protective order at the in-person meet and confer, the parties are to file a joint correspondence to the Court indicating as much, as well as their respective proposals for such an order. Thereafter, the Court will determine how to proceed on that issue.

Notwithstanding its informal nature, this Letter Order and Opinion is considered a formal Order and Opinion of the Court, and the Clerk should docket it as such.

Sincerely yours,

/s/
J. Mark Coulson
United States Magistrate Judge

CC: The Honorable Julia R. Rubin