UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. Mark Coulson
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
P: (410) 962-4953 | F: (410) 962-2985
mdd_jmcchambers@mdd.uscourts.gov

April 11, 2023

LETTER ORDER AND OPINION TO COUNSEL

RE:   *AMA Systems, LLC et al v. 3B Tech, Inc. et al*
      Civil No. 1:21-cv-01472-JRR

Dear Counsel:

In its previous order addressing the parties' current discovery disputes, the Court resolved most of those disputes. (ECF No. 105). As explained at the time however, the Court had insufficient information before it to resolve the disputes concerning Plaintiffs' responses to Defendants' Interrogatory Nos. 8, 9, and 10, and whether a protective order as to some previously produced information was appropriate. *Id*. at p. 6.[1] Accordingly, the Court requested additional limited briefing on those issues. The Court has now reviewed the parties' respective memoranda. (ECF Nos. 109 & 113). The Court finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). As set forth more fully below, the Court GRANTS in part and DENIES in part Defendants' requested relief.

Defendants' Interrogatory Nos. 8, 9, and 10 all generally concern Defendants' attempts to get specific information about allegations surrounding altering, concealing, or misrepresenting information about the true quality of the personal protective equipment ("PPE") that is the subject of the underlying lawsuit. (ECF No. 109-1, Ex. A). Defendants' basic argument is that Plaintiffs' interrogatory responses lack specificity, and Plaintiffs' interrogatory responses simply refer Defendants to the Second Amended Complaint and the documents produced in discovery. Plaintiffs counter that their interrogatory responses are sufficient, especially in light of supplemental answers produced with Plaintiffs' memorandum. (ECF No. 113, Ex. 1). Furthermore, Plaintiffs contend that the Federal Rules of Civil Procedure impose no requirement to be specific when choosing to answer an interrogatory by reference to documents that were produced. (ECF No. 113 at pp. 1–2).

The Court begins by noting that Plaintiffs' eighty-page Second Amended Complaint makes specific factual allegations concerning Defendants' alleged altering, concealing, or misrepresenting information about the true quality of the PPE sold by Defendants. Additionally, the Second Amended Complaint is organized in such a way to make such allegations relatively easy to locate. The Court finds those allegations to be a sufficient core to Plaintiff's interrogatory responses. For example, ¶¶ 130–52 contain detailed facts about Defendants' alleged misrepresentation about FDA certification. (ECF No. 71). Similarly, ¶¶ 153–61 contain detailed facts about Defendants' alleged alteration of SMQ test results, including Plaintiffs' contacting of

---

[1] When the Court cites to specific page numbers, the Court is referring to the page numbers provided in the electronic filing stamp located at the top of every electronically filed document.

SMQ and SMQ's quoted response. *Id*. Had Plaintiffs elected to reiterate such specific allegations into their interrogatory responses directly, the Court would find that they contained sufficient detail. Having instead elected to direct Defendants to those allegations in their well-organized Second Amended Complaint, the Court will not order more from Plaintiffs.

The Court does, however, caution Plaintiffs that they will be held to their discovery responses in any dispositive motion briefing or trial. Defendants urge that if those are the limits of Plaintiffs' factual support, Plaintiff should be ordered to so state. No such order is necessary however, as Fed. R. Civ. P. 26(e) already imposes a duty of timely supplementation, and Rule 26(g) regards a party's and attorney's signature on discovery responses as their attestation that their responses reflect that a reasonable inquiry has been performed.

The Court also does not agree with Plaintiffs' argument that by generally referring to documents in an interrogatory response, they have no duty to further specify where such documents might be found in their production. While it is true that a party need not refer to documents for all or part of an interrogatory response at all, once it does so, the party is obligated by Fed. R. Civ. P. 33(d)(1) to specify such records in sufficient detail to enable the requesting party to locate and identify them. Accordingly, Plaintiffs are ordered to do so, either by bates number or other appropriate descriptor.

On the issue of the protective order, Plaintiffs provided, and the Court has reviewed, the transcript of the discovery conference with Judge Rubin where Defendants articulated the underlying basis for their request. (ECF No. 113, Ex. 2). Judge Rubin concluded at that time that she would not grant such an order on the record before her. There is no additional information before the Court now to support a reconsideration of Judge Rubin's conclusions. The Court adds that it has not had occasion to enter a retroactive protective order for materials already produced without one already in place, or that would govern documents voluntarily produced by third parties. As Judge Rubin stated, Defendants' complaints about how some of the produced documents have been shared with third parties, thereby causing potential adverse business impacts on Defendants, do not rise above the "common pain of litigation" and, therefore, do not satisfy the standard for protective orders articulated in Fed. R. Civ. P. 26(c)(1). (ECF No. 113, Ex. B at p. 25).

Notwithstanding its informal nature, this Letter Order and Opinion is considered a formal Order and Opinion of the Court, and the Clerk should docket it as such.

Sincerely yours,

/s/
J. Mark Coulson
United States Magistrate Judge

CC: The Honorable Julie R. Rubin