IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AMA SYSTEMS, LLC, *et al.*,  *

   *Plaintiffs*,

                      *

                                     Case No. 1:21-cv-01472-JRR

   v.                      *

3B TECH, INC., *et al.*,        *

   *Defendants*.          *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Pending before the court is Defendant BCO Lab, Inc.'s Motion to Dismiss Second Amended Complaint. (ECF No. 103; the "Motion.") The court has reviewed all papers. No hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, by accompanying order, the Motion will be granted.

**I.   BACKGROUND**

A comprehensive factual background is set forth in the court's memorandum opinions of June 14, 2022, at ECF No. 39 and September 6, 2023, at ECF No. 122. For economy of time and space, the court relays here only those facts pertinent to the Motion.

Plaintiff AMA is a "Concept-to-Market" Maryland limited liability company that "provides analysis and deployment services for products and services." (ECF No. 71 ¶ 19.) Plaintiff Bluemar is a New Hampshire limited liability company that provides "logistics and distribution of products, among other services." *Id.* ¶ 20. Defendant 3B Tech is an Indiana-based importer, distributor, and seller of various products, including products manufactured in China. *Id.* ¶ 22. Defendant Pro-Com is a California-based importer and distributor specializing in

consumer electronics and packaged goods. *Id.* ¶ 23. Defendant Salusen is an Indiana-based online retailer of personal protective equipment. *Id.* ¶ 26. Defendant Zake USA is an Indiana corporation with the same address as 3B Tech and Salusen, and offers business to business distribution with Pro-Com. (ECF No. 71 ¶ 37.) Defendant BCO Lab is the successor in interest to 3B Tech and does business under the name "Better Choice Online." *Id.* ¶¶ 40, 41.

Plaintiffs allege that 3B Tech was acquired by BCO Lab effective January 1, 2021, and 3B Tech and Defendant Brett Barbour[1] announced the acquisition in December 2020. (ECF No. 71 ¶ 41.) 3B Tech employees were advised to continue to report to the "same management team" and that "[a]ll support procedures and contacts remain unchanged." *Id.* Plaintiffs allege that to effectuate the acquisition, Defendant Jian Qing Johnny Zhu[2] requested his lender to replace 3B Tech with BCO Lab in certain financing documents, and in the organizational chart of Zhu's companies. *Id.* 3B Tech previously did business under the name Better Choice Online and BCO Lab now does business under the name Better Choice Online. *Id.*

On January 5, 2023, Plaintiffs filed the Second Amended Complaint which setS forth six counts: (Count I) Civil Violation of Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), against all Defendants; (Count II) Civil Violation of RICO, 18 U.S.C. § 1962(d), By Conspiring to Violate 18 U.S.C. § 1962(c) against all Defendants; (Count III) Fraudulent Misrepresentation against all Defendants; (Count IV) Breach of Contract against 3B Tech and BCO Lab; (Count V) Breach of Contract against 3B Tech, Salusen, Zhu, Barbour, and BCO Lab; and (Count VI) Violation of the New Hampshire Consumer Protection Act

---

[1] Defendant Barbour is the vice president, registered agent, and former interim CEO of 3B Tech; an owner of Pro-Com; and an owner, as well as the incorporator, president, and resident agent of Salusen. (ECF No. 71 ¶¶ 26, 31.)
[2] Defendant Zhu is the incorporator, president, owner, and former CEO of 3B Tech; an owner of Pro-Com, Salusen, and non-party Zake China; and he also owns a portion of Zake USA. (ECF No. 71 ¶¶ 22-23, 26, 37.) Zhu operates Zake USA and has been the management for Zake USA. *Id.* ¶ 37.

("NHCPA"), N.H. REV. STAT. §§ 358A:1 *et seq.* against all Defendants. (ECF No. 71.) The prayer for relief seeks: (i) damages in an amount no less than $1,000,000.00 including compensatory, consequential, exemplary, treble, and punitive damages; (ii) attorneys' fees and costs; (iii) interest; and (iv) any other relief afforded by law. *Id.* at 82.

On January 31, 2023, Defendants 3B Tech, Pro-Com, Salusen, Zhu, Barbour, and Johnson filed a motion to dismiss, which sought dismissal of the Second Amended Complaint on various grounds. The motion to dismiss was granted in part and denied in part on September 6, 2023. (ECF Nos. 122 and 123.) The motion was granted as to Counts I and II; granted as to Count V against Defendants Zhu and Barbour; granted as to Count VI against Defendants Zhu, Barbour, and Johnson; and denied as to Count III. (ECF No. 123.)

On March 10, 2023, BCO Lab filed the Motion pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6). (ECF No. 103-1.) BCO Lab argues that Plaintiffs fail to adequately allege a theory of successor liability, fail to state a RICO claim, and therefore, there is no basis for personal jurisdiction over BCO Lab. *Id.* at 6-10.

## II.     LEGAL STANDARDS

### Federal Rule of Civil Procedure 12(b)(2)

"When a court's power to exercise personal jurisdiction over a nonresident defendant is challenged by a motion under Federal Rule of Civil Procedure 12(b)(2), 'the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence.'" *CoStar Realty Info., Inc. v. Meissner,* 604 F. Supp. 2d 757, 763 (D. Md. 2009) (quoting *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003)) (citations omitted).

"The plaintiff's burden in establishing jurisdiction varies according to the posture of a case and the evidence that has been presented to the court." *Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016).  "[W]hen the court addresses the personal jurisdiction question by reviewing only the parties' motion papers, affidavits attached to the motion, supporting legal memoranda, and the allegations in the complaint, a plaintiff need only make a *prima facie* showing of personal jurisdiction to survive the jurisdictional challenge." *Id.*  "[I]f a court requires the plaintiff to establish facts supporting personal jurisdiction by a preponderance of the evidence prior to trial, it must conduct an 'evidentiary hearing'" or, at the very least, "afford the parties a fair opportunity to present both the relevant jurisdictional evidence and their legal arguments, using procedures that provide the parties with a fair opportunity to present to the court the relevant facts[.]"  *Id.* (citing *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 n. 5 (4th Cir. 2005));  *Sec. and Exch. Comm'n v. Receiver for Rex Ventures Group, LLC*, 730 F. App'x 133, 136 (4th Cir. 2018) (internal citations and quotation marks omitted).

Here, Plaintiffs and BCO have not engaged in full discovery.  Accordingly, Plaintiffs need only make a *prima facie* showing of personal jurisdiction.  Importantly, "[i]n deciding whether the plaintiff has proved a *prima facie* case of personal jurisdiction, the district court must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor." *Mylan Labs., Inc. v. Akzo, N.V.,* 2 F.3d 56, 60 (4th Cir. 1993).  "In considering whether a plaintiff has met this burden, a court may look beyond the complaint to affidavits and exhibits in order to assure itself of personal jurisdiction." *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 350 (4th Cir. 2020).

4

**Federal Rule of Civil Procedure 12(b)(6)**

"'The purpose of Rule 12(b)(6) is to test the sufficiency of a complaint' and not to 'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Accordingly, a "Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling [her] to relief." *Edwards*, 178 F.3d at 244 (*citing Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)).

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "A complaint that provides no more than 'labels and conclusions,' or 'formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "The [c]ourt must be able to deduce 'more than the mere possibility of misconduct'; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief." *Evans v. 7520 Surratts Rd. Operations, LLC*, No. PX-21-1637, 2021 U.S. Dist. LEXIS 221041, at *4 (D. Md. Nov. 16, 2021) (quoting *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015)).

### III.   ANALYSIS

As an initial matter, BCO Lab moves to dismiss the Second Amended Complaint pursuant to Rule 12(b)(2) and 12(b)(6).  Plaintiffs argue that "[w]here a defendant moves to dismiss under both Rule 12(b)(2) and 12(b)(6), the court must consider the jurisdictional issue first."  (ECF No. 106 at n.2.)   BCO Lab counters that the proper initial focus is whether Plaintiffs state a plausible claim for successor liability.  (ECF No. 112 at 3.)  The court agrees with BCO Lab.

The court finds *68th St. Site Work Grp. v. Airgas, Inc.* instructive.  No. CV SAG-20-3385, 2021 WL 4255030 (D. Md. Sept. 16, 2021).  There, one of the defendants challenged the court's exercise of personal jurisdiction pursuant to Rule 12(b)(2).  *Id.* at *7.  The court noted that the plaintiff's claims rested "entirely on the actions of companies for which [the plaintiff] claims [the defendants] are liable as successors."  *Id.* at *8.  The court concluded that the "[j]urisdictional issues are inextricably intertwined here with the adequacy of the factual allegations of successor liability; in other words, for purposes of these motions, if the [c]omplaint fails to state a plausible claim for successor liability, then this [c]ourt also lacks personal jurisdiction.  *Id.* at *8 n.4.  Therefore, "for personal jurisdiction to be exercised over [the defendants], [the plaintiff] must first have adequately pleaded a theory of successor liability.  *Id.* at *8.

Like the defendant in *68th Street*, BCO Lab maintains that the Second Amended Complaint fails to state a claim for successor of liability.  (ECF No. 103-1 at 7-8.)  As the parties agree, the "[j]urisdictional issues are inextricably intertwined [] with the adequacy of the factual allegations of successor liability."  *68th St. Site Work Grp.*, 2021 WL 4255030, at *8.  Therefore, for personal jurisdiction to be exercised over BCO, Plaintiffs "must first have adequately pleaded a theory of successor liability."  *Id.*  Accordingly, the court must first address the 12(b)(6) motion.

### A.  **Motion to Dismiss – 12(b)(6)**

#### i.  *Consideration of Exhibits*

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), a court usually does not consider evidence outside of the complaint.  A court may consider documents attached to a motion to dismiss if the document is "integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity." *Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (quoting *Phillips v. LCI Int'l Inc.,* 190 F.3d 609, 618 (4th Cir. 1999)). "An integral document is a document that by its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found. Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d. 602, 611 (D. Md. 2011) (quoting *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007)).  "In addition to integral and authentic exhibits, on a 12(b)(6) motion the court 'may properly take judicial notice of matters of public record.'" *Id.* (quoting *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)).

#### 1.  *Exhibit attached to the Motion*

BCO attaches one exhibit, a Declaration of Vincent Lee,[3] which provides information regarding BCO Lab's contacts with the state of Maryland, (ECF No. 103-2 ¶¶ 3-9),  and information as to BCO's relationship with 3B Tech. *Id.* ¶ 10.  The Declaration is not referenced in the Second Amended Complaint.  The Declaration is also not integral to the Complaint as it does not give rise to the legal rights asserted by Plaintiffs.  Accordingly, the court will not consider the Declaration for purposes of resolving the Motion to Dismiss.

---

[3] Vincent Lee is the President of BCO Lab, Inc.  (ECF No. 103-2 ¶ 1.)

### 2.   *Exhibits attached to Plaintiffs' Response*

"It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Mylan Labs., Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991). Further, "allegations raised for the first time in response to a motion to dismiss are not properly considered by the court." *Glenn v. Wells Fargo Bank, N.A.*, No. DKC-3058, 2016 WL 3570274 at *9 (D. Md. July 1, 2016) (finding that "Plaintiff's attempt to amend the complaint by filing a declaration would be inappropriate even if he had attached the declaration to his opposition brief"). *See also Myers v. Montgomery Cnty.*, No. DKC-14-3054, 2015 WL 3795915, at *9 n.7 (D. Md. June 17, 2015) (declining to consider an exhibit attached to the plaintiff's opposition to motion to dismiss).

Plaintiffs attach thirteen exhibits to their Opposition.  (ECF Nos. 106-1 – 106-13.)  In its Reply to Plaintiffs' Opposition (ECF No. 112), BCO argues that Plaintiffs may not amend their Second Amended Complaint through briefings and exhibits attached to the Opposition.  (ECF No. 112 at 3-4.)   In support, BCO asserts that Plaintiffs identify for the first time "purportedly applicable exceptions to the rule against successor liability, arguing that there was an express assumption of liability, that the transaction was a merger, and that BCO is a mere continuation of 3B Tech."  *Id.* at 3.  BCO also argues that Plaintiffs attach multiple exhibits in an attempt to remedy their deficient pleading.  *Id.* at 3-4.

The court agrees that Plaintiffs raise new factual allegations in their Opposition, both directly – by stating new facts – and indirectly – by attaching exhibits.  For example, in the Opposition, Plaintiffs state "[b]y acquisition, BCO Lab is the successor in interest to 3B Tech because BCO Lab expressly assumed 3B Tech's liabilities (see Exs. B, D, F, I) and/or BCO Lab is the mere continuation of 3B Tech (see Exs. A-I)."  (ECF No. 106 at 5.)  The Second Amended

Complaint contains no allegation that BCO Lab expressly assumed 3B Tech's liabilities or that BCO Lab is a mere continuation of 3B Tech. Further, Plaintiffs attach numerous exhibits to support the facts alleged in the Second Amended Complaint. For example, relying on the exhibits attached to the Opposition, Plaintiffs state:

> According to 3B Tech's merger and acquisition announcement, BCO Lab acquired 3B Tech's employees and 3B Tech's payroll was migrated to BCO Lab. See Ex. B and Exhibit C (Anthem E-mail regarding change in name from 3B Tech to BCO Lab on insurance plan). Employee benefits were transferred from 3B Tech to BCO Lab. Exs. B and C. Operations, procedures, jobs, contacts, management, and day-to-day business remained the same – 3B Tech now appeared to be operating under a new company name, BCO Lab. Exs. B and C. Defendant Johnny Zhu, the CEO of 3B Tech and Secretary of BCO Lab asked that their lender replace 3B Tech with BCO Lab as the borrower on a line of credit/factoring agreement, a liability to 3B Tech and now a liability to BCO Lab. See Exhibit D (Zhu E-mail to White Oak Financial). The same request was made to Anthem for employer insurance policies. Ex. C. BCO Lab used the same address that had been 3B Tech's: 3431 William Richardson Drive, South Bend, Indiana 46628. Ex. A. The signs at 3B Tech's address and building were replaced with the name BCO Lab. See Exhibit E (Photos of Building Sign, Before and After). 3B Tech's name was swapped out and replaced with BCO Lab on 3B Tech's Amazon's Better Choice Online Storefront and merchant accounts. See Exhibit F (Amazon docs). Former employees of 3B Tech began advertising to the public that they worked at BCO Lab, formerly known as 3B Tech. See, e.g., Exhibit G (Linked-In Profile).

(ECF No. 106 at 6.)

Plaintiffs may not amend the Second Amended Complaint by alleging new facts in, and attaching exhibits to, their Opposition. The court, therefore, declines to consider the thirteen exhibits filed by Plaintiffs in the Response in Opposition to BCO's Motion for purposes of resolving the Motion to Dismiss.

### ii.     *Successor Liability*

BCO argues that PlaintiffS fail to provide sufficient factual allegations to a state a claim for successor liability. (ECF No. 103-1 at 6.)

"[A] corporation that acquires assets of another corporation typically does not acquire its liabilities, unless '(1) the successor expressly or impliedly agrees to assume the liabilities of the predecessor; (2) the transaction may be considered a de *facto merger*; (3) the successor may be considered a 'mere continuation' of the predecessor; or (4) the transaction is fraudulent.'" *PCS Nitrogen Inc. v. Ashley II of Charleston LLC*, 714 F.3d 161, 173 (4th Cir. 2013) (quoting *U.S. v. Carolina Transformer Co.*, 978 F.3d 832, 838 (4th Cir. 1992)). "Cases considering successor liability claims under a motion to dismiss standard have generally required (1) the plaintiff to identify which of the four exceptions it is invoking for successor liability and (2) facts supporting the invocation of the chosen exception." *68th Street Site Work Group v. Airgas, Inc.*, No. SAG-20-3385, 2021 WL 4255030, at *9 (D. Md. Sept. 16, 2021).

In *68th Street*, the plaintiff, addressing successor liability as to one of the defendants, alleged as follows:

> 227. Defendant Caraustar Industries, Inc. ("Caraustar Industries") is the successor to and/or is formerly known as Chesapeake Paperboard Company.
> 228. In or about 2001, Caraustar Custom Packaging Group (Maryland), Inc. merged into The Chesapeake Paperboard Company as the surviving corporation, which changed its name to Caraustar Custom Packaging Group (Maryland), Inc.
> 229. In or about 2009, Caraustar Custom Packaging Group (Maryland), Inc. merged into Caraustar Custom Packaging Group, Inc., a Delaware corporation.
> 230. Caraustar Custom Packaging Group (Maryland), Inc. is owned by and/or was acquired by and/or is one and the same as Caraustar Industries.
> 231. Publicly available information shows both at 5000 Austell-Powder Springs Road in Austell, GA and directs to the same website. Publicly available information also identifies Caraustar

10

> Industries' four business lines as Recycling Services, Mill Group, Industrial Products Group and Consumer Packaging.
> 232. Chesapeake Paperboard Company is and/or was engaged in the business of industrial packaging for distribution.

2021 WL 4255030, at *13. The *68th Street* court explained that the allegation that Caraustar Custom Packing Group is "owned by and/or was acquired by and/or is one and the same" is an "imprecise and conclusory statement [that] is insufficient to plead either successor liability or a parent corporation's liability for its subsidiary." *Id.*; see *Leonard v. Bed, Bath & Beyond, Inc.*, No. 5:15-CV-00284-F, 2016 WL 158587, at *3 (E.D.N.C. Jan. 8, 2016) (concluding that the complaint "appear[s] to describe a run-of-the-mill sale of a business's assets—not the type of unusual transaction that would give rise to successor liability under one of the four exceptions" where the plaintiff alleged that the purported successor corporation's "management [was] identical" to the predecessor, that the two entities were engaged in the "same line of business," and that the purported successor "use[d] [the predecessor's] facility, equipment, employees, name brand . . . and customers"). Accordingly, the *68th Street* court granted the motion to dismiss as to the defendant Caraustar. 2021 WL 4255030, at *28.

In the instant case, Plaintiffs allege:

> Upon information and belief, Defendant BCO LAB, INC. ("BCO Lab") is the successor in interest to 3B Tech.
>
> 3B Tech was acquired by BCO Lab effective January 1, 2021. The acquisition was announced by 3B Tech and Brett Barbour in December 2020. Employees of 3B Tech were advised to continue to report to the "same management team" and that "[a]ll support procedures and contacts remain unchanged." To effectuate the acquisition, Zhu requested his lender "to replace 3B Tech Inc" with "BCO Lab Inc" in certain financing documents, and in the organizational chart of Zhu's companies. 3B Tech previously did business under the assumed name of "Better Choice Online." BCO Lab now does business under the assumed name of "Better Choice Online." 3B Tech was the original merchant entity and seller for Amazon's Better Choice Online Storefront. Amazon's Better

11

> Choice Online Storefront now indicates the current merchant and seller has been changed from 3B Tech to BCO Lab.
>
> This cause of action is also being asserted against BCO Lab in its capacity as a successor in interest to 3B Tech and to the extent BCO Lab has assumed 3B Tech's liabilities in connection with the subject matter of this action.

(ECF No. 71 ¶¶ 40-41, 356.)

Plaintiffs fail to identify any of the four exceptions to successor liability and fail to allege facts to support any exception. Instead, Plaintiffs allege only that BCO is liable "to the extent BCO Lab has assumed 3B Tech's liabilities . . . ." (ECF No. 71 ¶¶ 347, 356, 377, 392, 405, 429.) Plaintiffs also allege that 3B Tech "was acquired by BCO Lab." These allegations are insufficient to satisfy the first exception; and the allegations are merely conclusory. *See 68th Street*, 2021 WL 4255030, at *13 (explaining that the plaintiff's allegation that the defendant "owned by and/or was acquired by and/or is one and the same" is an "imprecise and conclusory statement [that] is insufficient to plead either successor liability or a parent corporation's liability for its subsidiary"). Additionally, Plaintiffs' allegations are insufficient to satisfy the third exception. Plaintiffs appear to suggest that BCO was a "mere continuation" of 3B Tech by alleging that 3B Tech informed employers that they were advised to report to the same management. *See Odjaghian v. EngagePoint, Inc.*, No. CV JKB-18-0151, 2018 WL 3329617, at *5 (D. Md. July 6, 2018), *aff'd sub nom. Odjaghian v. HHS Tech. Grp., LLC*, 848 F. App'x 534 (4th Cir. 2021) (explaining that the third exception "depends not on the similarity of the continuing business enterprise but rather on the singularity of the two corporate entities at issue"). Plaintiffs' allegation as to the same management is insufficient to suggest that the third exception applies. *See id.* (concluding that the plaintiffs failed to plausibly allege successor liability under the mere continuation exception where the plaintiffs alleged that the defendant corporation continued to exist and had active service

contracts); *Leonard*, 2016 WL 158587, at *3 (concluding that the complaint lacked sufficient factual allegations to support successor liability where the plaintiff alleged that the management was identical). Indeed, Plaintiffs' allegations "undercut their mere continuation argument" because the allegations suggest that 3B Tech continued to exist after the alleged merger and consolidation. (ECF No. 71 ¶ 284.) Accordingly, Plaintiffs fail to state a claim for successor liability.

### B. Personal Jurisdiction/Jurisdictional Discovery

Because the Second Amended Complaint fails to a state a plausible claim for successor liability, the court also lacks personal jurisdiction as to BCO Lab.[4] *See 68th Street*, 2021 WL 4255030, at *8 n.4 (stating that "if the [c]omplaint fails to state a plausible claim for successor liability, then this [c]ourt also lacks personal jurisdiction.").

Plaintiffs assert that "jurisdictional discovery would yield additional facts that would assist the [c]ourt in making a jurisdictional determination." (ECF No. 106 at 9.) BCO Lab counters that jurisdictional discovery is not warranted because "Plaintiffs have had full access to the range of discovery tools permitted under the Federal Rules from 3B Tech, the corporation who is unquestionably in the best position to provide information regarding assumptions of its liabilities, since filing this action in June 2021." (ECF No. 112 at 6.)

"Discovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted." *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 402 (4th Cir. 2003). "At the same time, however, district courts have broad discretion in [their] resolution of discovery problems that arise in cases pending before [them]." *Id.* (internal quotation

---

[4] To the extent Plaintiffs assert that the court may exercise personal jurisdiction over BCO Lab pursuant to the federal RICO statute, 18 U.S.C. § 1965, the court disagrees. As set forth in the court's memorandum opinion at ECF No. 122, Plaintiffs fail to state a RICO claim in Counts I and II.

13

marks omitted). "When a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." *Id.* "Additionally, [p]laintiff is required to proffer the facts it needs discovery to ascertain and a showing of how those facts would establish personal jurisdiction." *68th Street Site Work Group v. Airgas, Inc.*, No. SAG-20-3385, 2021 WL 4255030, at *15 (D. Md. Sept. 16, 2021).

Plaintiffs have had ample opportunity to obtain relevant information as to the relationship between 3B Tech and BCO Lab throughout the litigation of this case, which began in June 2021. As Plaintiffs acknowledge, 3B Tech is in the best position to provide the information regarding BCO Lab's assumptions of liabilities. As discussed above, the facts contained in the Second Amended Complaint as to BCO Lab are speculative and conclusory. As the court explained in *68th Street*, jurisdictional discovery is not permitted as a fishing expedition for a plaintiff to uncover some viable basis for successor liability. 2021 WL 4255030, at *15; *ALS Scan, Inc. v. Digital Service Consultants, Inc.*, 293 F.3d 706, 716 n.3 (4th Cir. 2002) (upholding district court's refusal to allow plaintiff to engage in jurisdictional discovery where plaintiff's request was based on "conclusory assertions"); *see also Rich v. KIS Cal., Inc.*, 121 F.R.D. 254, 259 (M.D.N.C. 1988) ("[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery confined to issues of personal jurisdiction should it conclude that such discovery will be a fishing expedition."). Accordingly, Plaintiffs are not entitled to conduct jurisdictional discovery.

## **CONCLUSION**

For the reasons set forth herein, by separate order, Defendant BCO's Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim and Lack of Personal Jurisdiction (ECF No. 103) will be granted.

/S/

‎_____
Julie R. Rubin
United States District Judge

November 9, 2023